# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DALE E. McCORMICK,          )<br>                              Plaintiff,   )<br>                                        )<br>v.                              )<br>                                        )<br>CITY OF LAWRENCE, KANSAS, et al.,   )<br>                                        )<br>                              Defendants.  )<br>_____)  | CIVIL ACTION<br>No. 03-2418-KHV |

## MEMORANDUM AND ORDER

Dale E. McCormick, *pro se* inmate, brings suit under 42 U.S.C. § 1983 against the City of Lawrence, Kansas and various Lawrence police officers for violation of constitutional rights. This matter comes before the Court on the Notice And Order To Show Cause (Doc. #40) filed September 6, 2005.

On August 22, 2005, the Court held a pretrial conference in the case. At the conference, the Court ordered that on or before August 29, 2005, plaintiff provide certain information for the pretrial order.[1] Plaintiff did not comply with the Court's order, which caused a delay in finalizing the pretrial order. On September 6, 2005, the Court ordered plaintiff to show cause in writing by September 19, 2005, why the Court should not dismiss the case with prejudice due to plaintiff's failure to comply with prior court orders and plaintiff's failure to prosecute the case. See Doc. #40. On October 3, 2005, the Court granted plaintiff an extension to October 11, 2005 to respond to the show cause order. See Doc. #44.

---

[1] Specifically, the Court ordered plaintiff to (1) give defense counsel a list of the facts contained in defendants' motion for summary judgment which plaintiff did not controvert so that those facts could be included in the stipulations section of the pretrial order; (2) identify the theory of recovery for each subsection in the pretrial order which addressed the essential elements of plaintiff's theories of recovery; and (3) identify which types of damages which plaintiff sought to recover. See Doc. #40.

On October 26, 2005, the Court filed plaintiff's <u>Response To Show Cause Order</u> (Doc. #48).[2] Plaintiff states that he was unable to tender information for the pretrial order by August 29 because he did not have his file for this case. Specifically, plaintiff states that during the last week in August, 2005, prison officials informed him that he had too much legal paperwork and required him to send some of the paperwork out of prison. Plaintiff states that he inadvertently put the entire file from this case into a box which he sent out of prison. Plaintiff asserts that after he discovered the error, he arranged for his brother to return the file and that he received it back during the first week of October, 2005. Plaintiff states that after he received the file he sent defense counsel the required information for the pretrial order.[3]

Defendants urge the Court to dismiss the case, asserting that plaintiff has disregarded Court orders and lied to the Court. Specifically, defendants point out that plaintiff's response to the show cause order is untimely because it was due October 11, 2005, and plaintiff certified that he did not mail it until October 19, 2005. Defendants also assert that plaintiff has lied to the Court regarding the reason for his failure to provide the pretrial order information by August 29, 2005. Defendants submit an affidavit of a prison official which states that on August 31, 2005, plaintiff mailed a box of personal papers out of prison. Defendants point out that the date on which plaintiff mailed the box – August 31 – is after the time when plaintiff's pretrial order information was due and therefore cannot be the reason for plaintiff's failure to timely submit the information.

---

[2]  According to the certificate of service, plaintiff deposited the document in prison mail on October 19, 2005. <u>See</u> <u>id.</u> at 2. Under the prison mailbox rule, the Court deems the response filed on the day plaintiff delivered the document to prison officials for mailing. <u>See</u> <u>Dunn v. White</u>, 880 F.2d 1188, 1190 (10th Cir. 1989).

[3]  The Court entered the pretrial order on October 25, 2005. <u>See</u> Doc. #47.

In deciding whether to impose sanctions, the Court considers on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate. Dismissal of an action with prejudice or its equivalent should be used as "a weapon of last, rather than first, resort." Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988). Dismissal is usually appropriate only where a lesser sanction would not serve the interest of justice; it is clearly a severe sanction and it is reserved for extreme circumstances. Courts should dismiss an action for failure to comply with orders only in situations which are the result of willfulness, bad faith or fault, rather than inability to comply. See M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976)); see also Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir. 1988).

Before dismissing an action with prejudice, the Court considers the following factors:

(1) the degree of actual prejudice to the defendant;
(2) the amount of interference with the judicial process;
(3) the culpability of the litigant;
(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
(5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).

As to the first factor, defendants have incurred delay and inconvenience as a result of plaintiff's failure to timely submit the pretrial order information, but they have not suffered actual prejudice. Plaintiff ultimately provided the information and the pretrial order is now on file.

As to the second factor, delay strategies significantly interfere with the judicial process. See Ehrenhaus, 965 F.2d at 921. The trial in this case has been continued; but plaintiff's late pretrial order

3

submissions did not cause the delay.[4]

As to the third factor, it appears that plaintiff has misrepresented the reason for his failure to timely supply the pretrial order information and that he disregarded the October 11, 2005 response deadline for the show cause order. The Court is deeply troubled by such actions.

As to the fourth factor, the Court has not previously warned plaintiff that dismissal would be a likely sanction for noncompliance. In cases in which plaintiff appears *pro se*, the Court should assess with special care whether it might appropriately impose sanctions other than dismissal, so that plaintiff does not unknowingly lose his right of access to the courts because of a technical violation. See Ehrenhaus, 965 F.2d at 920 n.3. On the other hand, plaintiff is a seasoned pro se litigator whose knowledge of federal court procedure and mastery of federal civil rights surpass that of many licensed practitioners who appear before this Court.

As to the fifth factor, the Court has not previously imposed lesser sanctions.

In the circumstances of this case, the Court finds that dismissal is not an appropriate sanction at this time. Plaintiff proceeds *pro se* and although he is surely aware that dismissal is a likely sanction for noncompliance, the Court has not expressly so warned him in this case. The Court now warns plaintiff that it will carefully scrutinize all future submissions and that it will not tolerate future missed deadlines or misrepresentations to the Court. Any future breach of plaintiff's duties to the Court may result in sanctions including but not limited to (1) an order which requires plaintiff to pay reasonable attorneys' fees which defendants incur as a result of his actions; (2) an order which establishes certain matters and/or facts for

---

[4] On October 22, 2005, the Court continued trial in conjunction with granting plaintiff an extension of time to respond to defendants' motion for summary judgment. See Doc. #52.

purposes of the action; (3) an order which disallows plaintiff to support or oppose designated claims or defenses, or prohibits plaintiff from introducing designated witnesses or matters into evidence; (4) an order which strikes pleadings or parts thereof, stays future proceedings, dismisses the action with prejudice or enters judgment in favor of defendants; and (5) an order which holds plaintiff in contempt of court.

**IT IS THEREFORE ORDERED** that the Court will not dismiss the case as a sanction at this time.  Any future breach of plaintiff's duties to the Court may result in  sanctions including but not limited to (1) an order which requires plaintiff to pay reasonable attorneys' fees which defendants incur as a result of his actions; (2) an order which establishes certain matters and/or facts for purposes of the action; (3) an order which disallows plaintiff to support or oppose designated claims or defenses, or prohibits plaintiff from introducing designated witnesses or matters into evidence; (4) an order which strikes pleadings or parts thereof, stays future proceedings, dismisses the action with prejudice or enters judgment in favor of defendants; and (5) an order which holds plaintiff in contempt of court.

Dated this 15th day of December, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge