IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DALE E. McCORMICK,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 03-2418-KHV |
| **CITY OF LAWRENCE, KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

*Pro se* inmate Dale E. McCormick brings suit under 42 U.S.C. § 1983 for violation of his constitutional rights by the City of Lawrence, Kansas and Lawrence police officers Kirk Fultz and Leo Souders. On February 13, 2006, the Court granted summary judgment in favor of defendants on plaintiff's claim that the City of Lawrence has an illegal plan, custom or policy which permits or encourages police officers to interfere with First Amendment rights (Count VIII) but otherwise overruled defendants' motion for summary judgment. Plaintiff's remaining claims are (1) that Fultz and Souders retaliated against him for exercising rights under the First Amendment (Counts I and III); (2) that Fultz discriminated against him based on the content of his speech (Count II); and (3) that Souders unlawfully seized him (Count IV). This matter comes before the Court on defendants' Motion For Reconsideration (Doc. #60) filed February 22, 2006. For reasons stated below, the Court overrules the motion.

Defendants seek reconsideration of the Court's summary judgment ruling based on the following grounds: (1) the Court erred in finding that plaintiff's affidavit substantially complied with 28 U.S.C. § 1746; (2) the Court should have granted summary judgment based on the videotape of plaintiff's conduct at

another sobriety checkpoint on June 28, 2002; (3) the law is not clearly established regarding plaintiff's content discrimination claim; (4) the law is not clearly established regarding plaintiff's retaliation claim; (5) the Court erred in construing the pretrial order to contain a claim regarding the seatbelt violation; and (6) Souders is entitled to qualified immunity on plaintiff's unlawful seizure claim.

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

With the possible exception of the argument regarding the seatbelt violation, defendant has not raised grounds sufficient to warrant reconsideration. As the Court found with regard to the seatbelt violation, Count III alleged that the second time plaintiff drove through the sobriety checkpoint, Souders pulled him over and cited him for a seatbelt violation in retaliation for protected speech. Defendants sought summary judgment on the seatbelt violation issue. They cited facts relating to the seatbelt citation, see Memorandum In Support Of Motion For Summary Judgment (Doc. #37) filed August 4, 2005 ¶¶ 32-35, and specifically sought summary judgment on Count III. See id. at 19. The Court noted that the pretrial

order did not contain specific factual allegations regarding the seatbelt citation. It was apparent from the briefs, however, both before and after the Court entered the pretrial order, that both sides considered the claim to be in the case. See Memorandum And Order (Doc. #56) at 13 n.6.[1] The Court deemed the pretrial order to incorporate the claim, noting that the legal theories section is worded broadly and – while it does not specifically mention the seatbelt citation – it alleges that Souders took action against plaintiff in direct response to his speech.[2] See id. (citing Pretrial Order (Doc. #47) at 5); see also Theno v. Tonganoxie Unified Sch. Dist. No. 464, 394 F. Supp.2d 1299, 1303 (D. Kan. 2005) (pretrial order should be liberally construed to cover all legal or factual theories embraced by its language or inherent in issues defined therein).

Defendants assert that because they filed their motion for summary judgment on August 4, 2005, before the pretrial order was entered on October 25, 2005, the Court erred in inferring that they considered the seatbelt violation claim in the case. See Memorandum In Support Of Motion For Reconsideration (Doc. #61) filed February 22, 2006 at 16. More than two months after the pretrial order was entered, however, on January 4, 2006, defendants filed their reply brief in support of summary judgment. See Doc. #55. Defendants' reply brief argued that they were entitled to summary judgment on Count III because

---

[1] In their motion for reconsideration, defendants argue that the Court erred in finding that they considered the seatbelt claim in the case because they filed their motion for summary judgment on August 4, 2005, more than two months before the pretrial order was entered on October 25, 2005. Even after the pretrial order was entered, however, defendants argued the seatbelt violation in their reply brief in support of their motion for summary judgment. See Reply In Support Of Motion For Summary Judgment (Doc. #55) filed January 4, 2006 at 17. Defendants did not argue that plaintiff had abandoned the seatbelt claim by omitting it from the pretrial order.

[2] In addition, the "Legal Issues" section of the pretrial order identifies the following issue: "Whether Kansas law allowed a "traffic stop" to be conducted on August 18, 2001, solely for a "seat belt violation?" Pretrial Order (Doc. #47) at 9.

even if the Court accepted plaintiff's version of the facts, "plaintiff admits that he engaged his automobile and pulled away from the curb without fastening his seatbelt." Id. at 17. Thus, defendants briefed the seatbelt violation claim even after the pretrial order was filed. The Court did not err in construing the pretrial order to incorporate such a claim.

The Court has carefully considered defendant's remaining arguments and finds that they do not warrant reconsideration.

**IT IS THEREFORE ORDERED** that defendants' Motion For Reconsideration (Doc. #60) filed February 22, 2006 be and hereby is **OVERRULED.**

Dated this 29th day of March, 2006 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              Kathryn H. Vratil
                                              United States District Judge